

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles H. Theobald
County Attorney
Galveston County
Galveston, Texas

Dear Sir:

Opinion No. O-5347
Re: Authority of the commis-
sioners' court to expend
county funds for Vernon's
Annual Pocket Parts to be
furnished district clerk.

We have fully considered your letter of May 27, 1943, wherein you request the opinion of this department as to whether the commissioners' court is authorized to furnish the district clerk of your county the Annual Pocket Parts to his set of Vernon's Annotated Civil Statutes at the county's expense.

In connection with the above request, we wish to thank you for your letter of June 3rd written in response to our inquiry and clarifying the foregoing opinion request, which letter has been duly considered.

Article 3899 (b), Vernon's Annotated Civil Statutes, authorizes the district clerk, where he receives a salary as compensation for his services, to purchase or charge to his county all reasonable expenses necessary in the proper and legal conduct of his office, to be passed on, pre-determined and allowed in the time and amount, as nearly as possible, by the commissioners' court.

We can fully appreciate the value and assistance a set of Vernon's Annotated Civil Statutes with its Annual Pocket Parts would be to any county, district or precinct officer, however, expenditure of county funds for such purposes are not within the provisions of the aforementioned statute.

Your attention is called to Article 4335 of said statutes whereby the Secretary of State is authorized to furnish one copy of each of all general and special laws passed

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Charles K. Theobald, page 2

by the legislature to the clerks of the several courts and to each county attorney.

It is too well settled that the commissioners' court is a court of limited jurisdiction whose authority extends only to matters pertaining to the general welfare of their respective counties and their powers are only those expressly or impliedly conferred upon them by the Constitution and statutes of this State. 11 Texas Jurisprudence, pages 564-5.

Finding no authority and law for the expenditure in question, it is the opinion of this department that the commissioners' court is not authorized to expend county funds for the purchase of the Annual Pocket Parts to Vernon's Annotated Civil Statutes as a necessary expense in the proper and legal conduct of the office of district clerk.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Wm. J. R. King
Assistant

WJRK:db

APPROVED JUN 11, 1943

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN